**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000590
23-SEP-2013
08:48 AM**

NO. CAAP-12-0000590

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CALVIN D. ELIZARES, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(SPECIAL PROCEEDING PRISONER NO. 11-1-0015(2))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Petitioner-Appellant Calvin D. Elizares appeals from the "Findings of Fact, Conclusions of Law, And Order Denying Rule 40 Petition for Post-Conviction Relief Without Hearing" (FOFsCOLs and Order Denying) filed May 22, 2012 in the Circuit Court of the Second Circuit[1] (circuit court).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude this appeal is without merit.

On June 28, 2000, judgments were entered against Elizares in CR. No. 99-0076(2) and CR. No. 98-0463(2). Under CR. No. 99-0076(2), Elizares was sentenced to life imprisonment for

---

[1] The Honorable Kelsey T. Kawano presided.

Count 1, attempted murder in the first degree; 20 years each for Counts 2 and 3, kidnaping; 5 years each for Counts 4 and 5, terroristic threatening in the first degree; and 20 years for Count 8, carrying or use of firearm in the commission of separate felony.

Under CR. No. 98-0463(2), Elizares was sentenced to 5 years for Count 1, terroristic threatening in the first degree; 10 years each for Counts 2 and 11, felon in possession of a firearm; and 20 years for Count 9, extortion in the first degree.

Mandatory minimum terms were imposed, extended terms of life with parole for Counts 2 and 3 under CR. No. 99-0076(2); and the sentences for Counts 1, 2 and 3 under Cr. No. 99-0076(2) ran consecutively with mandatory minimums.

On July 26, 2000, Elizares filed a notice of appeal in No. 23619 raising the single point of error that the circuit court erred in denying his motion for mistrial or a new trial. On September 13, 2002, this court affirmed the circuit court's judgment. Elizares filed a writ of certiorari with the Hawai'i Supreme Court which was initially granted but then dismissed as "improvidently granted" on November 29, 2002.

On December 26, 2003, Elizares filed his first post-conviction "Petition to Vacate, Set Aside, Or Correct Judgment Or To Release Petitioner From Custody" under Hawai'i Rules of Penal Procedure (HRPP) Rule 40 in Special Proceeding Prisoner (S.P.P.) No. 03-1-0025(2). Elizares raised the following grounds in his petition:

a. Consolidation of Offenses/Cases (Ground One);

b. Alleged Lack of Proof Beyond a Reasonable Doubt as to Counts One and Two in Cr. No. 98-0463(2) (Ground Two);

c. Alleged Coerced Testimony of [State's witness] (Ground Three);

d. Alleged Conviction Obtained by Actions of the Grand Jury (Ground Four);

e. Alleged Abuse of Discretion by the Trial Court (Ground Five);

2

f. Alleged Failure to Provided [sic] Discovery (Ground Six);

g. Alleged Prosecutorial Misconduct (Ground Seven);

h. Alleged Violation of Petitioner's Due Process Rights
(Ground Eight);

i. Alleged Alteration of Elements of Offenses, and Defects
of Jury Instructions (Ground Nine);

j. Alleged Ineffective Assistance of Counsel (Ground Ten);
and

k. Alleged Fraudulent Falsification of Documentation (Ground
Eleven).

On October 19, 2004, the circuit court filed an "Order Denying HRPP Rule 40 Petitioner for Post-Conviction Relief Without Hearing" in S.P.P. No. 03-1-0025(2). On November 1, 2004, Elizares filed a notice of appeal and on November 15, 2004 filed an amended notice of appeal. On May 23, 2006, this court issued a Summary Disposition Order affirming the circuit court. Elizares filed a writ of certiorari with the Hawai'i Supreme Court which was denied June 23, 2006.

On November 4, 2011, Elizares filed his second "Petition to Vacate, Set Aside, Or Correct Judgment Or To Release Petitioner From Custody" pursuant to HRPP Rule 40 in S.P.P. No. 11-1-0015(2). As stated in the circuit court's FOFsCOLS and Order Denying, Elizares raised two grounds for relief:

> First ground: "Conviction obtained as 'plain error' by [circuit] court's scope and adequacy of [its] investigation," in which he appears to argue the ambiguity of the law clerk and the courts recollection of how [juror] received information about [Elizares's] prior [m]urder conviction and [juror's] own testimony, that the [circuit court] did not remember its initial instructions to the jurors, no inquiry made as to why those instructions were not followed, and that [juror] did not answer voir dire questions truthfully [i.e., [Elizares] alleges that [juror] had the information from his neighbor prior to trial and/or that [juror] spoke to his neighbor in contradiction to this court's instruction]; and
>
> Second ground: Conviction obtained from impartial [sic] juror, in which he argues that [juror] was biased and prejudiced against [Elizares].

HRPP Rule 40(a)(3), provides HRPP Rule 40 proceedings are unavailable and provide no relief to prisoners when "the

issues sought to be raised have been previously ruled upon or were waived." HRPP Rule 40(g)(2) provides, in pertinent part, that "[t]he court may dismiss a petition at any time upon finding . . . the issues have been previously raised and ruled upon, or the issues were waived."

Since Elizares's grounds for relief were previously raised and ruled upon or waived, the circuit court properly denied Elizares's Rule 40 petition without a hearing.

Therefore,

IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law, And Order Denying Rule 40 Petition for Post-Conviction Relief Without Hearing" filed May 22, 2012 in the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 23, 2013.

On the briefs:

Calvin D. Elizares,
Petitioner-Appellant pro se.

Artemio C. Baxa
Deputy Prosecuting Attorney,
County of Maui
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge

4